[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO COMPEL
The plaintiff moves pursuant to Rules of Practice § 13-14 for an order of the court compelling the defendant to produce its "audit services manual" and "internal audit checklist, " which were requested by the plaintiff in interrogatories and requests for production of documents dated February 29, 2000.
The defendant, KPMG, was providing accounting and audit services to Curtis from 1992 through August 1998. In August 1998, it was discovered that Curtis' payroll services company had been misappropriating money that was intended to pay federal income taxes and federal insurance contribution act taxes. The case involves Curtis' allegations that KPMG breached its contract with Curtis and was otherwise negligent in failing to detect the theft during the auditing process.
The defendant's discovery response of April 26, 2000, failed to provide the requested portions of its "audit services manuals" and its "internal audit checklist." In an effort to resolve the dispute, the plaintiff by letter of June 22, 2000, limited its request to "those portions of the audit services manuals which pertain to SAS 53, 70, and 82 (the relevant CT Page 4073 Generally Accepted Accounting Standards) during the relevant time period." The defendant refused to disclose the contents of its audit service manual, claiming that it was proprietary trade secret information and irrelevant.
Internal audit service manuals would constitute trade secrets pursuant to Connecticut General Statutes § 35-51 (d). Although this issue has not been addressed previously by a Connecticut court, other jurisdictions applying similar statutory schemes have determined that an accounting firm's internal audit manuals are trade secrets. General Electric CapitalCorp. v. Direc TV, Inc., 184 F.R.D. 32 (D.Conn. 1998) (Margolis, Mag.);Gohler v. Wood, 162 F.R.D. 691 (D.Utah 1995); Centurion Indus., Inc. v.Warren Steurer and Associates, 665 F.2nd 323, 325 (10th Cir. 1981);Rosen v. Dick, No. 73 Civ. 2388, 1975 U.S. Dist. LEXIS 13739, 4-5
(S.D.N.Y. Feb. 20, 1975) The confidential or trade secret nature of the requested materials is not necessarily a sufficient reason to prevent production. In the Matter of: Mercury Finance Co. of Illinois, No. 97 C3035, 1999 U.S. Dist. LEXIS 11236, 16-17 (N.D.Ill. July 17, 1999). Courts have the discretion to decide whether internal accounting manuals should be produced based on the merits of each case. In re: Mid-AmericanWaste Systems, Inc., No. 97-4888, 1997 U.S. Dist. LEXIS 22752 (citingGohler v. Wood, 162 F.R.D. 691 (D.Utah April 19, 1995)); In re: Worldsof Wonders Securities Litigation, 147 F.R.D. 214, 217 (N.D.Cal. 1992).
The party seeking to compel production of internal auditing manuals must show that the manuals are relevant and necessary to the action. Inre: Mid-American Waste Systems, Inc., Securities Litigation, No. 97-4888,1997 U.S. Dist. LEXIS 22752, 5 (D.N.J. Dec. 10, 1997). The court must then exercise its discretion to balance the need for the trade secrets against the claim of injury resulting from their disclosure. Gohler v.Wood, supra, 162 F.R.D. 693.
The parties agree that the standards for KPMG's performance are measured by the Generally Accepted Auditing Standards (GAAS) and Generally Accepted Accounting Principles (GAAP). KPMG argues that the GAAS and GAAP standard of care has nothing to do with its internal manuals. KPMG further argues that the audit work papers already produced demonstrate how the audits were conducted in this case. Curtis argues that the failure of the manuals to reference or meet the GAAS standards would evidence KPMG's failure to meet the standards in its accounting practice. Curtis further argues that if the audit team did not follow the firm's own policies, that also would be relevant to its complaint in this case.
At the discovery stage, "a request for discovery should be considered relevant if there is any possibility that the information sought may be CT Page 4074 relevant to the subject matter of the action." In the Matter of: MercuryFinance of Illinois, No. 97 C3035, 1999 U.S. Dist. LEXIS 11236, 13
(N.D.Ill. July 17, 1999). Courts have specifically found portions of internal audit manuals to be relevant at the discovery stage.In re: Crazy Eddie's Securities Litigation, No. 87 C0033,1988 U.S. Dist. LEXIS 13235 (E.D.N.Y. November 18, 1988); Gohler v.Wood, supra, 162 F.R.D. 695, which held that audit manuals can show the defendant's interpretation of the standard of care. Also seeRosen v. Dick, No. 73 Civ. 2388, 1975 U.S. Dist. LEXIS 13739,4 (S.D.N.Y. February 20, 1975): "Clearly, if some standard, as published, is less stringent than the generally accepted, the relevance of the information is apparent."
The criteria of necessity is met if the request for materials could show the accounting firm's interpretation and application of the standard of care. See Gohler v. Wood, supra; Rosen v. Dick, supra; In re:Mid-American Waste Systems, Inc., Security Litigation, supra; In theMatter of: Mercury Finance Co. of Illinois, supra. In these cases, it was recognized that although GAAS and GAAP are the applicable standards of care; the manuals were needed to provide the basis for determining the accounting firm's interpretation of GAAS and GAAP, as well as how they translated those required industry standards into its actual work on behalf of a client.
KPMG in its objection to the plaintiff's motion to compel acknowledges that its internal audit manuals detail its own method of applying GAAS and GAAP. At page 10 of its memorandum, KPMG notes that "KPMG's proprietary audit manuals . . . do not establish GAAS or GAAP. Rather, they set forth KPMG's proprietary method of applying those standards and accounting principles.
In order to protect accounting firms from relinquishing proprietary information, courts have limited the compelled disclosure to relevant portions of the manuals, and have accepted protective orders as adequate protection for auditors' trade secrets when it is determined necessary for the opposing party to have access to the information to establish its case. See In re: Mid-American Waste Systems, Inc., SecuritiesLitigation, supra; In re: Crazy Eddies Securities Litigation, supra;Rosen v. Dick, supra; Gohler v. Wood, supra.
 ORDER
The defendant KPMG, LLP is ordered to disclose those portions of the audit service manual pertaining to SAS 53, 70 and 82 of the GAAS during the relevant time period (1992-1998)
CT Page 4075
Such disclosure is subject to the protective order agreed to by the parties.
ROBERT F. MCWEENY